IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN L. GIBSON                          Case No. 3:14-cv-01217-MA

              Plaintiff,                OPINION AND ORDER

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

           Defendant.

GEORGE J. WALL
Law Offices of George J. Wall
1336 E. Burnside, Suite 130
Portland, OR 97214

    Attorney for Plaintiff

JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

MARTHA A. BODEN
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Karen L. Gibson seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g). For the reasons that follow, I affirm the final decision of the Commissioner.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on August 10, 2011, alleging disability beginning January 1, 2010, due to neck pain; back pain; depression; post-traumatic stress disorder (PTSD); attention-deficit hyperactivity disorder (ADHD); colitis; anxiety; and arthritis. Plaintiff meets the insured status requirements for a DIB application through May 31, 2012.

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a hearing on June 11, 2013,[1] at which plaintiff appeared with her attorney and testified. A vocational expert, Fred Cutler, also appeared at the hearing and testified. On June 20, 2013, the ALJ issued an unfavorable

---

[1] The Commissioner provided a supplemental transcript of the oral hearing on June 11, 2013. However, the record contains a November 6, 2012 hearing transcript involving another claimant. *See* Transcript of Record (ECF No. 9)("Tr") at 42-74. All citations to plaintiff's June 11, 2013 hearing will be to the supplemental record. *See* Tr. 832-863 (ECF No. 10).

decision. The Appeals Council denied plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1954, plaintiff was 58 years old on the date of the ALJ's unfavorable decision. Plaintiff completed several years of college. Plaintiff has past relevant work as a childcare monitor and nursery school attendant.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since January 1, 2010. At step two, the ALJ found that plaintiff had the following severe impairments: polysubstance abuse (including present and past use of heroin, opiates, inhalants, cocaine, sedatives, anxiolytics, and hypnotics); ADHD; PTSD; anxiety disorder; borderline personality

3 – OPINION AND ORDER

disorder; back strain and pain; and obesity. At step three, the ALJ found that plaintiff's impairment or combination of impairments, did not meet or medically equal a listed impairment.

Based on all of the impairments, including plaintiff's substance use disorders, the ALJ found that plaintiff is capable of a residual functional capacity of medium work as defined as 20 C.F.R. § 404.1567(c) but with the following additional limitations. Plaintiff may frequently stoop, kneel crouch, and crawl, but may never climb ladders, ropes, and scaffolds. She is fully capable of learning, remembering, and performing simple, routine, and repetitive one and two-step work tasks, involving simple work instructions, which are performed in a low stress work environment, defined as one in which there is a regular production pace, few workplace changes, and no "over the shoulder" supervision. Plaintiff may have occasional and superficial contact with supervisors and coworkers, but should have minimal to no contact with the public. Due to a combination of severe physical and mental impairments, and the impact of polysubstance abuse, she is unable to perform routine tasks on a regular and continuing basis, eight hours a day, five days a week, for a 40-hour workweek or equivalent schedule.

At step four, the ALJ found that plaintiff is unable to perform her past relevant work. At step five and considering all of her impairments including substance abuse, the ALJ concluded that

considering plaintiff's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that plaintiff can perform.

An otherwise disabled claimant may not receive benefits if drug addition or alcoholism is a contributing factor material to the determination that she is disabled. 42 U.S.C. § 11328(a)(3)(J). The ALJ properly repeated the disability determination analysis to determine whether he would still find plaintiff disabled if she stopped using drugs. 20 C.F.R. § 404.1535. The ALJ found that if plaintiff abstained from substance abuse, she would have the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except she may frequently stoop, kneel, crouch, and crawl, but may never climb ladders, ropes, and scaffolds. Plaintiff is capable of learning, remembering, and performing simple, routine, and repetitive one and two-step work tasks, involving simple work instructions, which are performed in a low stress work environment. Plaintiff may have occasional and superficial contact with supervisors and coworkers, but should have minimal to no contact with the public. Tr. 27.

At step four without consideration of drug use, the ALJ found that plaintiff is unable to perform her past relevant work. At step five and excluding plaintiff's substance abuse, the ALJ concluded that considering plaintiff's age, education, work experience, and

residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform such as hand packager; agricultural produce sorter; and day worker. Tr. 33.

The ALJ concluded that plaintiff's drug use is a contributing factor material to the determination of disability because plaintiff would not be disabled if she ceased using drugs. Accordingly, because substance use disorder is a contributing factor material to the determination of disability, plaintiff has not been under a disability under the Social Security Act from January 1, 2010, through the date of the decision.

## ISSUES ON REVIEW

On appeal to this court, plaintiff contends the following errors were committed: (1) the ALJ erred in evaluating treating physician's opinion and (2) the ALJ's decision is not supported by substantial evidence when considering the new opinion evidence submitted to the Appeals Council.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

**DISCUSSION**

## I.    The ALJ Did Not Err in Assessing Treating Source Opinion

In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn*, 495 F.3d at 631 (internal quotations omitted)(alterations in original); 20

C.F.R. § 404.1527(c). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

If a treating or examining physician's opinion is contradicted by another physician's opinion, it may be rejected by specific and legitimate reasons. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Id.* at 1149.

Plaintiff argues the ALJ failed to provide specific and legitimate reasons for discounting the opinions of treating physician Charles Elder, M.D. Plaintiff contends that Dr. Elder's opinions regarding her functioning should be credited as true because Dr. Elder was able to review her extensive medical records, and the objective medical evidence supports his opinions. Dr. Elder began treating plaintiff in February 2011; plaintiff reported low back pain in April 2011. Tr. 458, 457. I disagree.

Dr. Elder provided two opinions regarding plaintiff's functioning throughout the relevant period. First, in a March 28, 2013 letter, Dr. Elder opined that plaintiff has chronic back pain that would prevent her from sitting for more than 45 minutes without a ten minute break to stand. Tr. 785. Dr. Elder also noted that due to her back, hip, and right foot pain, plaintiff is unable

to stand for more than three hours in an eight hour workday. *Id.*
Dr. Elder further opined that as a result of her back pain,
plaintiff would be unable to lift more than twenty pounds
occasionally. Finally, Dr. Elder generally opined that "the
combination of plaintiff's physical and mental conditions would
create a significant barrier to her sustaining competitive
employment at eight hours a day, five days a week." *Id.*

Second, in a May 19, 2013 physical assessment, Dr. Elder
opined that plaintiff can sit for approximately four hours and
stand and walk two hours in an eight hour workday. Tr. 786. Dr.
Elder also opined that plaintiff would require alternating
positions, would need a two hour unscheduled break, and is capable
of a low stress job. Tr. 787-88. Dr. Elder further assessed that
plaintiff could occasionally perform certain postural activities
such as squatting, bending at the waist, crawling, climbing,
balancing, and stooping. Tr. 788. Finally, Dr. Elder opined that
plaintiff would likely be absent from work two days a month due to
her symptoms. Tr. 789.

Because Dr. Elder's opinions were contradicted,[2] the ALJ was
required to provide specific and legitimate reasons, backed by
substantial evidence, to reject his opinion. *Bayliss*, 427 F.3d at

---

[2] In a December 12, 2011 physical RFC assessment, Alnoor
Virji, M.D., a nonexamining physician opined that plaintiff can
lift and carry 25 pounds frequently and 50 pounds occasionally,
and sit, walk, and stand for six hours each in an eight-hour
workday. Tr. 131-32.

1216. In the decision, the ALJ gave Dr. Elder's opinions "limited weight" because the opinions are: unsupported by the objective medical and treatment record; inconsistent with other medical opinions in the record; and lack an objective explanation. Having carefully reviewed the record, I conclude that the ALJ's reasoning is supported by substantial evidence.

In the decision, the ALJ indicated that the objective medical record does not support Dr. Elder's opinions. For example, an August 2010 x-ray of the thoracic spine revealed mild arthritic lipping with no other notable abnormalities. Tr. 481. A September 2011 x-ray of the spine revealed mild to moderate degenerative changes. Tr. 482. An April 2011 x-ray of the left foot documented mild hypertrophic changes of the distal first and fifth metatarsal and mild degenerative changes of the first MTP joint. Tr. 569.

Similarly, objective findings in the medical record are not consistent with Dr. Elder's opinions. A February 2010 examination was entirely normal with a smooth and coordinated gait. Tr. 467. In a June 2010 examination, plaintiff's treating doctor noted good range of motion in the cervical and thoracic spine, some diffuse tender points, intact upper and lower extremity strength, normal gait, and mild tenderness of the right foot. Tr. 463. Another examination in September 2011 also revealed normal findings. Tr. 509. In fact, plaintiff's treatment notes revealed generally normal

objective findings. *See generally* Tr. 462, 475, 531, 569, 592, 609, 682.

Moreover, Dr. Elder's own treatment notes do not support his opinions. For example, in February 2011, Dr. Elder noted a normal examination. Tr. 458. In April 2011, Dr. Elder noted a nontender back and a chronic deformity of the left small toe. Tr. 457. After the April 2011 examination, plaintiff did not see Dr. Elder until January 2013 for a rash. Tr. 647. Plaintiff had one more examination with Dr. Elder, in May 2013. At the time, Dr. Elder documented tenderness in the back area mostly on the right side and a positive patrick maneuver in the hip examination. Tr. 822. His limited examination findings do not support his opinions.[3]

Contrary to plaintiff's argument, the ALJ provided a comprehensive discussion of the medical evidence. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(the ALJ need not discuss all evidence presented but rather must explain why "significant probative evidence has been rejected"). While plaintiff provides an alternative interpretation of the medical evidence, I conclude that the ALJ made logical

_____

[3] Plaintiff argues that Dr. Elder's four year treatment relationship with plaintiff supports giving his opinion "great weight." While length of treatment relationship is one reason to accord a physician's opinion "great weight," frequency of examinations is also an important factor to consider in weighing treating physician opinions. 20 C.F.R. 404.1527(c)(2)(i). Notably, Dr. Elder only examined plaintiff on three occasions for back pain in a three year span.

inferences from the record to support his conclusions. Because the ALJ's interpretation is rational and is supported by substantial evidence in the record as a whole, it will not be disturbed. *See e.g., Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)(ALJ's findings must be upheld if they are supported by reasonable inferences drawn from the record).

Next, the ALJ discredited Dr. Elder's opinions on the basis that they are inconsistent with other supported medical opinions in the record. Specifically, the ALJ gave "significant weight" to the medical opinion of examining physician Peter Pfeiffer, M.D. because his examination findings support his opinion. Tr. 31. In a September 2011 consultative examination, Dr. Pfeiffer observed normal grip strength, coordination, and a negative straight leg raise test. Tr. 484-85. Dr. Pfeiffer also noted full active range of motion in all joints of the body, including the back and right foot and very mild lumbar paraspinous muscle tenderness bilaterally. Dr. Pfeiffer diagnosed a mild lumbar strain and "extremely mild early osteoarthritis" in the right foot and opined that both cause little to no limitation. Tr. 485. Dr. Pfeiffer specifically assessed that plaintiff can lift or carry 25 pounds continuously; sit without limitation; stand or walk for eight hours in an eight-hour workday; and frequently climb, bend, stoop, crouch, crawl or kneel. *Id.*

Plaintiff argues that the ALJ's reliance on Dr. Pfeiffer's opinion to discount Dr. Elder's opinions is misplaced. Specifically, plaintiff argues that Dr. Pfeiffer opined that plaintiff could only lift up to 25 pounds. Plaintiff further asserts that the ALJ assessed in the RFC finding that plaintiff could lift up to 50 pounds, which is inconsistent with Dr. Pfeiffer's assessment. Plaintiff's argument fails.

Plaintiff misstates Dr. Pfeiffer's opinion of her ability to lift weight. The ALJ's RFC finding is consistent with Dr. Pfeiffer's assessment. Dr. Pfeiffer opined that plaintiff "can lift or carry 25 pounds *continuously*." Tr. 485 (emphasis added). Similarly, the ALJ found that plaintiff can lift and carry 25 pounds *frequently* and 50 pounds occasionally. Tr. 27. The Dictionary of Occupational Titles (DOT) defines continuously or constantly as an activity performed two-thirds or more in an eight-hour workday and frequently as an activity performed one-third to two-thirds in an eight-hour workday. *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles,* Appendix C, (1993). Here, Dr. Pfeiffer's lift and carry assessment exceeds the RFC finding of frequently lifting and carrying 25 pounds. Indeed, Dr. Pfeiffer did not opine that 25 pounds is the maximum weight plaintiff is able to lift and carry. Because Dr. Pfeiffer's well-supported opinion is consistent with

the ALJ's RFC finding, the ALJ properly relied on it to discount Dr. Elder's opinions.

Moreover, the ALJ appropriately relied on the opinion of nonexamining physician, Alnoor Virji, M.D. In a December 12, 2011 physical RFC assessment, Dr. Virji opined that plaintiff is capable of performing medium work as defined in 20 C.F.R. § 404.1567(c). Tr. 131-32. Dr. Virji's opinion is consistent with the medical record, including the objective findings and Dr. Pfeiffer's opinion and examination. *See generally* Tr. 458, 481-82, 484-85, 531, 569, 592, 647. Despite plaintiff's assertion, the ALJ appropriately relied in part on Dr. Virji's opinion because it is supported by substantial evidence such as objective medical findings. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995)(the opinion of a nonexamining physician "may serve as substantial evidence when [it is] supported by other evidence in the record" and consistent with it).

Finally, the ALJ discredited Dr. Elder's opinions because he did not provide an objective basis for his opinions. When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Tonapetyan,* 242 F.3d at 1149. As discussed above, Dr. Elder's opinions are not supported by his objective examination findings nor by any other medical findings in the record. In fact, Dr. Elder does not cite to any medical findings to support his

14 - OPINION AND ORDER

opinions. Tr. 785-86. While plaintiff's pain symptoms may support Dr. Elder's opinions, the ALJ found plaintiff not credible. To be sure, plaintiff does not now challenge the ALJ's adverse credibility determination. The ALJ cited to plaintiff's continued work activity, a prior conviction for theft,[4] and a mild treatment regime as reasons to discount her severe pain allegations. I have carefully reviewed the record in its entirety, and conclude that the ALJ's determination is readily supported by substantial evidence in the record. Accordingly, the ALJ properly discounted Dr. Elder's opinions on this ground.

In summary, I conclude that the ALJ did not err in evaluating Dr. Elder's opinions and has provided specific and legitimate reasons backed by substantial evidence in the record as a whole, for according his opinions limited weight.

## II. **New Evidence Does Not Undermine the ALJ's Decision**

This court has a duty to consider the entire record before it, including new evidence submitted to the Appeals Council and made part of the overall administrative record. "When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the

---

[4] *See Tonapetyan*, 242 F.3d at 1148 ("ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness"); *Richey v. Colvin*, No. C 12-4988 LB, 2013 WL 5228185, at *20 (N.D. Cal. Sept. 17, 2013)("in finding a claimant's testimony not credible, an ALJ may rely on convictions for crimes of moral turpitude, including robbery").

administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012)*; see Tackett*, 180 F.3d at 1097-98 (holding that a court reviewing the Commissioner's decision must consider the record as a whole).

After the ALJ issued his decision, plaintiff submitted additional evidence to the Appeals Council. Specifically, the new evidence consisted of an August 5, 2013 Physical Evaluation Report from examining physician, Harold G. Lee, M.D. Tr. 825-831. The Appeals Council considered the new evidence, made it a part of the medical record, but denied review of the ALJ's decision. Tr. 1-5.

In his examination report, Dr. Lee diagnosed history of fibromyalgia, history of degenerative joint disease, history of chronic back pain, and right foot pain. Tr. 829. Dr. Lee endorsed Dr. Elder's March 28, 2013 opinion, which indicated that plaintiff could only sit for 45 minutes before needing a ten minute break to stand. Tr. 830. Dr. Lee also opined that plaintiff can stand for three hours in an eight-hour workday and can lift up to 20 pounds occasionally. *Id.* Plaintiff argues that the Appeals Council erred in declining to review the ALJ's decision and for holding that substantial evidence supports the ALJ's decision. Plaintiff also contends that Dr. Lee's examination report undermines the substantial evidence supporting the ALJ's decision. I disagree.

16 - OPINION AND ORDER

In adopting Dr. Elder's March 2013 opinion, Dr. Lee's opinion is inconsistent with two other medical opinions and examination findings in the medical record. As previously discussed, Drs. Pfeiffer and Virji's opinions are well-supported by objective findings and treatment notes in the medical record, and the ALJ properly relied on these opinions to discount both of Dr. Elder's opinions. *See generally* Tr. 458, 481-82, 484-85, 531, 569, 592, 647.

Contrary to plaintiff's assertion, Dr. Lee's opinion is not consistent with Dr. Pfeiffer. Dr. Pfeiffer did not opine that plaintiff *cannot lift* more than 25 pounds nor did he opine that plaintiff is limited to light work. Dr. Pfeiffer specifically found that plaintiff can lift and carry 25 pounds *continuously*, which indicates how often during an eight-hour workday plaintiff can lift 25 pounds. As I noted above, the ability to lift 25 pounds continuously means plaintiff can lift 25 pounds two-thirds or more of the eight-hour workday. This limitation exceeds Dr. Lee's opinion that plaintiff can only lift 20 pounds. In addition, Dr. Pfeiffer found that plaintiff can sit without limitation and stand or walk for eight hours in an eight-hour workday; these limitations greatly exceed Dr. Lee's assessment, namely that plaintiff can only sit for 45 minutes and stand and walk for only three hours. Thus, Dr. Pfeiffer's opinion is wholly inconsistent with Dr. Lee's opinion and supports the ALJ's RFC finding.

17 - OPINION AND ORDER

Moreover, Dr. Lee's opinion is unsupported by his examination findings. Specifically, Dr. Lee noted that plaintiff does not have "any definite clinical evidence of abnormal neurological findings" or "any presence of discogenic pain or radiculopathy." Tr. 830. In fact, Dr. Lee noted relatively normal examination findings. For example, Dr. Lee observed intact reflexes, good range of motion, intact motor strength and sensation, and limping due to right foot pain. Tr. 829. Dr. Lee noted significant tenderness along the upper trapezius, splenius capitus, supraspinatus, rhomboid, suboccipital area, posterior-superior iliac crest, and other areas of the body. *Id.*

To the extent that plaintiff attempts to allege the existence of fibromyalgia as a severe impairment, Dr. Lee's examination is not sufficient. In order to diagnose fibromyalgia, the American College of Rheumatology (ACR) lists the diagnostic criteria as "patient reports of pain when at least 11 of 18 points cause pain when palpated by the examiner's thumb." *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 872 (9th cir. 2004), *overruled on other grounds; Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001). As noted above, Dr. Lee only noted "significant tenderness."[5] While a June 15, 2010 examination by physician's assistant, Laura Tull Kok documented some diffuse tender points on

---

[5] I also note that there is no indication in Dr. Lee's medical report that he is a rheumatologist, a specialist in the treatment of fibromyalgia.

18 - OPINION AND ORDER

the scapular borders bilaterally, Ms. Kok assessed a thoracic strain. To be sure, the ALJ considered Ms. Kok's examination findings in assessing plaintiff's RFC. Tr. 30.

In sum, after reviewing the entire record, including Dr. Lee's report and opinion, I find that the ALJ's decision is still supported by substantial evidence in the record. Accordingly, the new evidence does not necessitate reversal under *Brewes*.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this _18_ day of August, 2015.

Malcolm F. Marsh
United States District Judge

19 - OPINION AND ORDER